# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DOUGLAS KIRCH,

                     Plaintiff,

v.

                     Case No. 17-CV-235-JPS

KATIE BAXTER, CHAD
LEMAROND, and JANE DOE,

                     **ORDER**

                     Defendants.

      The plaintiff, who is incarcerated at Oshkosh Correctional Institution, filed a *pro se* complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. (Docket #1). This matter comes before the Court on the plaintiff's motion to proceed *in forma pauperis*. (Docket #2). The plaintiff has been assessed and paid an initial partial filing fee of $16.81. 28 U.S.C. § 1915(b)(4).

      The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

      A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Gladney v. Pendelton Corr. Facility*, 302 F.3d 773, 774

(7th Cir. 2002). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327; *Gladney*, 302 F.3d at 774. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003) (citations omitted); *accord Paul v. Marberry*, 658 F.3d 702, 705 (7th Cir. 2011).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see Christopher v. Buss*, 384 F.3d 879, 881 (7th Cir. 2004). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted); *Christopher*, 384 F.3d at 881.

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the Court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Vill. of N. Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The Court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

The plaintiff states that he was "illegally confined from July 11, 2012 through December or January 2013" at the hands of these defendants. (Docket #1 at 4). Specifically, the defendant Chad Lemarond ("Lemarond") was the plaintiff's probation officer. *Id.* At an intake meeting on July 11, 2012, Lemarond placed the plaintiff on electronic monitoring. *Id.* The plaintiff maintains that this was not a condition of his probation nor was there any other reason to put him on electronic monitoring. *Id.*

The plaintiff further alleges that Lemarond placed other onerous conditions upon him. *Id.* Lemarond did not let him go to Michigan to retrieve

a vehicle he owned, and did not let him visit his property in Price County. *Id.* Lemarond forced also him to purchase landline telephone services for his home. *Id.* The plaintiff claims that he went to the emergency room one day for a back injury, but was forced to leave because of a curfew set by Lemarond. *Id.* The conditions associated with electronic monitoring prevent the plaintiff from obtaining a number of good-paying jobs. *Id.* at 4-5. Finally, the plaintiff states that Lemarond did not permit him to visit his child. *Id.* at 5. The plaintiff admits that one of his conditions of supervision was that he could not contact the victims of his crime, which apparently included his child. *Id.* He references a divorce decree which seems to have permitted such access, and the plaintiff appears to contend that the decree overrode the condition of supervision. *Id.*

The plaintiff alleges that the defendant Jane Doe was Lemarond's supervisor, and despite the plaintiff's complaints about the conditions, she did not alter them. *Id.* Finally, the plaintiff asserts that "Defendant Baxter" had tried to get the Plaintiff's Extended Supervision extended, wherein according to his Judgment of Conviction, contained within the notes, the comment by the Court was: Case and Time cannot be extended over debts to the Courts." *Id.* The Court assumes from this allegation that the defendant Katie Baxter ("Baxter") attempted to extend the plaintiff's supervision because he owed money to the court or probation service.

The plaintiff includes a list of constitutional provisions which were allegedly violated by this conduct, but it is simply a laundry list of provisions which is not connected to any of the factual allegations. *Id.* at 2. For relief, he seeks an order granting access to his child, an injunction removing these

defendants as his probation supervisors, damages, credit "for the time he was illegally detained on the Electronic Monitoring," and an order preventing him from being placed on electronic monitoring in the future. *Id.* at 6-7.

Most of the plaintiff's claims are the proper subject of a petition for a writ of habeas corpus. The Seventh Circuit holds that conditions of probation are a form of custody. *Drollinger v. Milligan*, 552 F.2d 1220, 1225 (7th Cir. 1977). A challenge to those conditions is an attack on the fact and/or duration of the plaintiff's confinement, which "is the traditional function of the writ of habeas corpus." *Id.* Further, the plaintiff may not proceed on a claim "for having been recommitted based on the violation of release conditions that he contends are unconstitutional[.] . . . A successful damages claim would vitiate the basis for his commitment, and *Heck v. Humphrey*, 512 U.S. 477 . . . (1994), bars civil damages actions where a 'judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence.'" *Henderson v. Bryant*, 606 F. App'x 301, 304 (7th Cir. 2015). A claim may avoid this rule, however, if it seeks damages for applying conditions of supervision in an unconstitutional manner. *Id.* at 304-5.

The complaint is silent on the full extent of the conditions to which the plaintiff is subject, the criminal case in which those conditions were imposed, and why he is in prison now. Without these facts, the Court cannot conclude that all of the plaintiff's claims are invalid. However, only a limited subset survives screening, and upon appearance by the defendants, the remainder may be dismissed pursuant to applicable affirmative defenses, such as immunity or the *Heck* doctrine, if the facts show that the plaintiff's current

confinement is pursuant to a violation of the conditions. *Id.* Still, at this stage, the Court finds that the plaintiff may proceed on the following claims:

>   1) Lemarond and Jane Doe's imposition of conditions of probation beyond those permitted by the applicable criminal judgment(s), or the imposition of existing conditions in an unconstitutional manner, constituting deliberate indifference to his right to be free of those conditions, in violation of the Eighth Amendment; and
>
>   2) Baxter's attempt to extend the plaintiff's term of supervision in contravention of the applicable criminal judgment(s) constituting deliberate indifference to his right to be free of further supervision, in violation of the Eighth Amendment.

He is not permitted to proceed on a claim for injunctive relief related to electronic monitoring; a claim for past wrongs is moot because he is now in prison, and a claim for future wrongs is premature because no monitoring has yet been imposed. *Id.* at 304.

The Court will also address the plaintiff's motion for appointment of counsel. (Docket #4). Under 28 U.S.C. § 1915(e)(1), the "court may request an attorney to represent any person unable to afford counsel." The Court should seek counsel to represent the plaintiff if the plaintiff: (1) has made reasonable attempts to secure counsel; and (2) "'the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it.'" *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (quoting *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007) (en banc)).

The Court will deny the plaintiff's motion under both prongs of the *Pruitt* test. First, he has not provided any evidence of an attempt to secure

counsel, much less "reasonable attempts." *See generally id.* Second, the only support for his request for counsel are the restrictive conditions of his imprisonment and lack of legal knowledge. *Id.* at 2-3. These reasons are insufficient standing alone; they are common to every prisoner-filed civil case. Further, the plaintiff has not shown that the case exceeds his capacity to present it. The plaintiff's case is not complex. It is founded on whether he was properly subject to certain conditions of probation, and this inquiry requires no expert testimony. The claim does not exceed a layperson's ability to investigate or present it. As such, the Court concludes that recruitment of counsel is not necessary at this time. The plaintiff's motion to appoint counsel will be denied without prejudice.

Accordingly,

**IT IS ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (Docket #2) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that the plaintiff's motion for appointment of counsel (Docket #4) be and the same is hereby **DENIED without prejudice**;

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of plaintiff's complaint and this order will be electronically sent to the Wisconsin Department of Justice for service on the state defendants;

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, the defendants shall file a responsive pleading to the complaint within sixty (60) days of receiving electronic notice of this order;

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action;

**IT IS FURTHER ORDERED** that a copy of this order be sent to the warden of the institution where the inmate is confined; and

**IT IS FURTHER ORDERED** that the plaintiff shall submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS; doing so will only delay the processing of this matter. As each filing will be electronically scanned and entered on the docket upon receipt by the Clerk of Court, the plaintiff need not mail copies to the defendants. All defendants will be served electronically through the Court's electronic case filing system. The plaintiff should also retain a personal copy of each document filed with the Court.

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 14th day of March, 2017.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge