# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DOUGLAS KIRCH,

                Plaintiff,

v.

KATIE BAXTER, CHAD LEMEROND, and BOBBI JO CHRISTOPHERSON,

                Defendants.

Case No. 17-CV-235-JPS

**ORDER**

**1.    INTRODUCTION**

On February 22, 2017, Plaintiff filed his Complaint in this matter. (Docket #1). While on parole supervised by agents of the Wisconsin Department of Corrections ("DOC"), Plaintiff alleges that those agents violated his constitutional rights. (Docket #9 at 3-5). On March 14, 2017, the Court screened Plaintiff's Complaint and allowed him to proceed on two claims. (Docket #9 at 6). On October 2, 2017, Defendants Chad Lemerond ("Lemerond") and Katie Baxter ("Baxter"), Plaintiff's parole agents, and Defendant Bobbi Christopherson ("Christopherson"),[1] a field supervisor, moved for summary judgment. (Docket #24). Plaintiff filed nothing in response to the motion, and his time in which to do so has long since expired. Civ. L. R. 7(b). For the reasons explained below, Defendants' motion must be granted.

---

[1] The record contains a number of different spellings for Christopherson's name. The Court uses the spelling from her affidavit. (Docket #29).

2.  **STANDARD OF REVIEW**

Federal Rule of Civil Procedure 56 provides that the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Boss v. Castro*, 816 F.3d 910, 916 (7th Cir. 2016). A fact is "material" if it "might affect the outcome of the suit" under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The court construes all facts and reasonable inferences in the light most favorable to the non-movant. *Bridge v. New Holland Logansport, Inc.*, 815 F.3d 356, 360 (7th Cir. 2016).

3.  **FACTUAL BACKGROUND**

The relevant facts are undisputed because Plaintiff failed to dispute them. In the Court's scheduling order, entered April 19, 2017, Plaintiff was warned about the requirements for opposing a motion for summary judgment. (Docket #13 at 3). Accompanying that order were copies of Federal Rule of Civil Procedure 56 and Civil Local Rule 56, both of which describe in detail the form and contents of a proper summary judgment submission. In Defendants' motion for summary judgment, they too warned Plaintiff about the requirements for his response as set forth in Federal and Local Rules 56. (Docket #24). He was provided with additional copies of those Rules along with Defendants' motion. *Id.* at 2-12. In connection with their motion, Defendants filed a supporting statement of material facts that complied with the applicable procedural rules. (Docket #26). It contained short, numbered paragraphs concisely stating those facts

which Defendants proposed to be beyond dispute, with supporting citations to the attached evidentiary materials. *See id.*

As noted above, Plaintiff filed absolutely nothing in response to Defendants' motion, much less a response to their statement of facts. Despite being twice warned of the strictures of summary judgment procedure, Plaintiff ignored those rules by failing to properly dispute Defendants' proffered facts with citations to relevant, admissible evidence. *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003). Though the Court is required to liberally construe a *pro se* plaintiff's filings, it cannot act as his lawyer, and it cannot delve through the record to find favorable evidence for him. Thus, the Court will, unless otherwise stated, deem Defendants' facts undisputed for purposes of deciding their motion for summary judgment. *See* Fed. R. Civ. P. 56(e); Civ. L. R. 56(b)(4); *Hill v. Thalacker*, 210 F. App'x 513, 515 (7th Cir. 2006) (noting that district courts have discretion to enforce procedural rules against *pro se* litigants). In the interest of brevity, the Court assumes familiarity with those facts for the purposes of this Order. *See generally* (Docket #26) (twenty-two pages of material facts).

4. ANALYSIS

Without any filings from Plaintiff, Court must rely on the Complaint itself to recount his claims and his allegations underlying them. Plaintiff asserts that Lemerond imposed various conditions of parole which were onerous and went beyond what was provided by court judgments or the standard rules of community supervision. (Docket #9 at 3). This included refusing to let Plaintiff travel to retrieve or visit his property, forcing him to pay for a landline telephone, and setting a curfew which interfered with his medical care. *Id.* at 3-4. Lemerond also placed Plaintiff on electronic monitoring, which Plaintiff says prevented him from obtaining a good-

paying job. *Id.* Finally, Lemerond allegedly refused to let Plaintiff visit his child though such contact was provided for in his divorce judgment. *Id.* at 4. Plaintiff ropes Christopherson into these complaints by alleging that he reported his concerns to her, but she did nothing in response. *Id.* Plaintiff also complains that Baxter obtained an extension of his parole period because he owed court costs and fees, when his criminal judgment allegedly did not permit such an extension. *Id.*

> At screening, Plaintiff was allowed to proceed on two claims:
>
> > 1) Lem[e]rond and [Christopherson's] imposition of conditions of probation beyond those permitted by the applicable criminal judgment(s), or the imposition of existing conditions in an unconstitutional manner, constituting deliberate indifference to [Plaintiff's] right to be free of those conditions, in violation of the Eighth Amendment; and
> >
> > 2) Baxter's attempt to extend [Plaintiff's] term of supervision in contravention of the applicable criminal judgment(s) constituting deliberate indifference to his right to be free of further supervision, in violation of the Eighth Amendment.

(Docket #9 at 6). Plaintiff's failure to oppose Defendants' motion in any form, standing alone, warrants granting the motion. Civ. L. R. 7(d). Nevertheless, on the undisputed facts presented, it is clear that that the allegations of Plaintiff's Complaint are divorced from reality. Those facts further demonstrate that Defendants are entitled to judgment as a matter of law.

The Court begins with Lemerond. Parole agents are generally afforded "broad discretion" in their role of ensuring parolees abide by the conditions of parole and progress toward prosocial behavior. *Morrissey v. Brewer*, 408 U.S. 471, 479 (1972); *see also Gagnon v. Scarpelli*, 411 U.S. 778, 784 (1973) ("Because the probation or parole officer's function is not so much to

compel conformance to a strict code of behavior as to supervise a course of rehabilitation, he has been entrusted traditionally with broad discretion to judge the progress of rehabilitation in individual cases, and has been armed with the power to recommend or even to declare revocation.").

Each of Lemerond's actions fell within the broad discretion afforded to him as a parole agent. Plaintiff was placed on electronic monitoring to protect Vanderwyst, as he continually demonstrated that he would seek to contact or intimidate her without regard for the harassment injunction or the criminal court order prohibiting the same. Most of his other complaints—paying for a landline, limiting his medical care because of a curfew, and being unable to find a good job—also stemmed from the electronic monitoring condition. Not only was this condition a valid exercise of Lemerond's authority, Plaintiff never complained about any of these matters to Lemerond. Because he failed to address those concerns with Lemerond prior to filing suit, he cannot be heard to complain about them now. Finally, Lemerond appropriately withdrew the electronic monitoring condition after Plaintiff demonstrated his willingness to abide by the conditions of supervision.

Lemerond was also correct to limit Plaintiff's contact with his child. The divorce judgment stripped away Plaintiff's custody and placement rights. As provided in that judgment, and as he was reminded by Lemerond, Plaintiff could have petitioned the court for a modification of those determinations. He never attempted to do so. Further, allowing Plaintiff to visit his child would directly undermine the prohibition on contact with Vanderwyst, as she was given sole legal custody and placement. In that vein, Lemerond's action was also supported by Plaintiff's rules of supervision, to which Plaintiff had agreed to be bound, which

permitted Lemerond to control contact between Plaintiff and the victims of his crime. *See also United States v. Showalter*, 933 F.2d 573, 575 (7th Cir. 1991) (courts are empowered to impose appropriate restrictions on an offender's association with certain people or groups).

Finally, Lemerond was entitled to restrict Plaintiff's travel plans as provided in the rules of his supervision. Lemerond was legitimately concerned that Plaintiff's plans to retrieve or check on his property were a cover for further attempts to harass Vanderwyst. When law enforcement investigations revealed that the property in question was either derelict and/or valueless, Lemerond's fears were reinforced. Plaintiff eventually had friends help him retrieve or check on his property. As with the electronic monitoring condition, the concerns Plaintiff offers in his Complaint were not contemporaneously communicated to Lemerond.

As for Christopherson, Section 1983 liability may only be premised on a person's own conduct. *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). Christopherson's records reveal that she never received any complaints from Plaintiff about his conditions of supervision. Though she was available to give advice to Lemerond, Lemerond made the final decisions on setting Plaintiff's conditions and adjusting them throughout his period of supervision. Even assuming Lemerond did violate Plaintiff's constitutional rights in some manner, Christopherson is not liable simply because she was Lemerond's supervisor. *Id.* at 593 ("Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise.").

Baxter's conduct is also blameless. She sought to extend Plaintiff's period of probation in accordance with Wisconsin law, which provides that a probationer's supervision period may be extended if they have not made

a good-faith effort to pay their court-ordered financial obligations. Wis. Stat. § 973.09(3)(c)(1). At the time Baxter sought the extension, Plaintiff had not made any payments towards his court costs or fees. Baxter tried to get Plaintiff to stipulate to an extension of his supervision period, but he refused. Baxter then requested a court hearing on the matter, and the court ruled that Plaintiff's supervision would not be extended. Plaintiff thus suffered no injury at all resulting from Baxter's conduct.[2]

5. **CONCLUSION**

On the undisputed facts presented, Plaintiff has suffered no violations of his constitutional rights. Defendants' motion must, therefore, be granted, and this action dismissed with prejudice.

Accordingly,

**IT IS ORDERED** that Defendants' motion for summary judgment (Docket #24) be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED with prejudice**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 20th day of November, 2017.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

---

[2] Even if Baxter had obtained the supervision extension she desired, until October 2018, it would not have actually prolonged Plaintiff's supervision by the DOC. He is currently on supervision pursuant to yet another criminal conviction, and that period will not expire until September 2020.